IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAMES ALLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | JURY TRIAL DEMANDED |
| VERIZON WIRELESS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The plaintiff, James Alley, Jr., sues the defendant, Verizon Wireless, and for cause of action says:

Parties and Jurisdiction

1. Plaintiff is a citizen and resident of Sullivan County, Tennessee.

2. Defendant is a corporation organized under the laws of New Jersey. Its principal office is located in New Jersey, and its agent for service of process in Tennessee is CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, Tennessee 37929.

3. The defendant is an employer subject to Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*; the Tennessee Human Rights Act, *Tennessee Code Annotated* §§ 4-21-101, *et seq.* ("THRA"); the Age Discrimination and Employment Act, 29 U.S.C. § 626(c). Plaintiff's THRA wrongful termination claim and common law claim are properly before this Court as pendent and/or supplemental claims. Venue is proper under the Code provisions cited above as well as federal venue provisions of 28 U.S.C. § 1391(b) and (c). The defendant is an employer engaged in industry affecting commerce and employs more than fifty (50) employees in the State of Tennessee.

4. Plaintiff timely filed a charge of discrimination with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC") on February 17, 2011. The EEOC issued a Right-to-Sue Letter on May 10, 2011. A copy of the Letter is attached hereto as **Exhibit 1.**

Nature of the Action and Factual Allegations

5. This action is brought under the Age Discrimination in Employment Act of 1967 (ADEA), Title VII of the Civil Rights Act of 1964 (Title VII), the Civil Rights Act of 1991, the Tennessee Human Rights Act, *Tennessee Code Annotated* §§ 4-21-101 *et seq.* (THRA). The defendant also wrongfully discharged the plaintiff in violation of *Tennessee Code Annotated* § 50-1-304 (2009).

6. The plaintiff was employed by the defendant, a private employer, in October of 2004. He was an employee at will. He was terminated on November 15, 2010.

7. The defendant is engaged in business in the operation of communications stores throughout the United States including in Tennessee and Virginia.

8. During his employment with the defendant, plaintiff worked as a part-time sales representative at defendant's store located in Kingsport, Tennessee. Plaintiff was promoted to the position of Assistant Sales Manager at the Kingsport store. He later served as the Kingsport store manager. Under plaintiff's management, the Kingsport store achieved numerous number one rankings within the district, region and United States.

9. As manager of the Kingsport store, the plaintiff reported to district manager Rich Bulger and the assistant district manager Jaren Starnes.

10. A sales practice known as "slamming" was followed and encouraged in several of the defendant's stores in the district headed by Bulger and Starnes. Slamming refers to the sale

2
Case 2:11-cv-00181-JRG-DHI   Document 1   Filed 06/22/11   Page 2 of 8   PageID #: 2

of a phone to a customer with accessories and auxiliary items made part of the sale without the knowledge of the customer. Slamming resulted in a higher price to the customer, a higher profit to the store and a higher compensation to the representative. The practice is unlawful in that it is a form of unfair and deceptive practice affecting the conduct of trades or commerce in violation of *Tennessee Code Annotated* § 47-18-104 (2009).

11. In September 2009, Starnes contacted several assistant managers at the Kingsport store directing them to use accessory discounts (e.g. slamming) to improve sales numbers. Upon being informed of this information, plaintiff instructed his assistant managers to disregard Starnes' directive. Plaintiff told Starnes that it was unethical and illegal and that plaintiff was not going to engage in slamming and he was not going to instruct his employees to do it. Starnes was angered by plaintiff's response.

12. Later in September of 2009, Starnes instructed plaintiff to place a Verizon wireless data feature on the account of each customer that came into the store. Doing so would increase sales numbers. Plaintiff refused Starnes' instructions and Starnes again became upset and threatened plaintiff. Later in the week, Starnes personally instructed the Kingsport store employees to include the data feature. Plaintiff then called Bulger and complained about Starnes' actions.

13. In November of 2009, Bulger was assigned to a different position with the defendant and Starnes became district manager. Shortly thereafter, Starnes instructed the Kingsport store employees to "slam" customers with clearance items. Plaintiff again refused to condone this unlawful activity. In response, Starnes went behind the back of plaintiff and directly instructed the Kingsport store employees to continue "slamming" customers.

14. In December of 2009, Bulger advised Starnes to get rid of the plaintiff because plaintiff was too old. Plaintiff also feared that his refusal to participate in the unlawful activity would lead to his termination.

15. In December of 2009, a young female employee of the defendant was promoted to floating manager over plaintiff's district. Starnes advised plaintiff that although plaintiff was the number one candidate for the floating manager position, the job was given to the young female because it was a "political move."

16. In March of 2010, plaintiff informed defendant's Human Resources Department about the threats from Starnes and about plaintiff's refusal to participate in "slamming" customers.

17. In response to plaintiff's complaints to Human Resources, Starnes suspended plaintiff without pay based on a frivolous customer complaint. After defendant investigated the complaint, plaintiff was reinstated.

18. In furtherance of Starnes' plan to retaliate against plaintiff for his failure to participate in slamming customers, Starnes wrote-up the plaintiff for untrue accusations.

19. As a result of Starnes' write-up and previous suspension, plaintiff was demoted to manager of defendant's Abingdon, Virginia store. Plaintiff was moved in an effort to get him to quit.

20. Plaintiff's position at the Kingsport store was filled by a thirty-one year old female with less experience.

21. Plaintiff was then fired for an unsubstantiated violation of the defendant's code of conduct. This alleged violation occurred approximately a year before plaintiff's termination while plaintiff was employed in Kingsport, Tennessee.

22. Plaintiff's termination also came six weeks prior to plaintiff vesting in defendant's long term incentive plan, which at that time, was worth over $11,000.00.

23. Throughout plaintiff's tenure with the defendant he was routinely mocked for being too old and for not wearing a younger style of clothing.

24. In addition to the plaintiff's age and gender, a substantial motivating factor for his discharge was his refusal to engage in or to instruct his employees to participate in slamming customers.

## COUNT I

### Age Discrimination
(ADEA and THRA)

25. Plaintiff incorporates by reference paragraphs one (1) through twenty-four (24) of this complaint.

25. Plaintiff was 43 years old at the time of his termination by the defendant.

26. Younger and less qualified employees of defendant were promoted to positions for which plaintiff was more qualified.

27. Plaintiff was constantly harassed by the defendant for being too old.

28. Defendant acted willful in connection with its unlawful discharge of the plaintiff.

29. As a result of plaintiff's unlawful discharge, he has been damaged.

## COUNT II

### Gender Discrimination
(TITLE VII and THRA)

30. Plaintiff incorporates by reference paragraphs one (1) through twenty-nine (29) of this complaint.

31. Plaintiff was discriminated against because of his gender in that he was passed over for the position of floating manager and ultimately terminated and replaced by a female employee with significantly less experience.

32. The Plaintiff by reason thereof has been damaged.

33. That the above actions of the defendant are in violation of Title VII as amended, the Civil Rights Act of 1991, and the THRA.

## COUNT III

### Retaliatory Discharge

34. Plaintiff incorporates paragraphs one (1) through thirty-three (33) of this complaint by reference.

35. Plaintiff was an employee at will of the defendant, a private employer. Plaintiff was discharged for his refusal to participate in, or refusing to remain silent about, the illegal practice of slamming.

36. The practice of slamming customers violates the established public policy of Tennessee and represents an unfair and deceptive trade practice as set forth in *Tennessee Code Annotated* § 47-18-104 (2009).

37. Plaintiff's discharge was in violation of *Tennessee Code Annotated* § 50-1-304 (2009).

38. The defendant acted willfully by its unlawful discharge of the plaintiff.

39. As a result of plaintiff's unlawful discharge, he has been damaged.

## COUNT IV

### Wrongful Discharge Under the Common Law of Tennessee

40. Plaintiff incorporates paragraphs one (1) through thirty-nine (39) of this complaint by reference.

41. The Plaintiff was an employee at will, he was discharged, a substantial motivating factor in his discharge, if not the sole reason, was his refusal to participate in, to continue to participate in, or to have his employees participate in, the practice of slamming which practice is unlawful under the laws of Tennessee and in violation of the established public policy of Tennessee as set forth in *Tennessee Code Annotated* § 47-18-104 (2009). His discharge was in violation of the common law of Tennessee.

42. The defendant acted willfully by its unlawful discharge of the plaintiff.

43. As a result of plaintiff's unlawful discharge, he has been damaged.

### Damages

44. As a direct result of defendant's discrimination, THRA violations, and wrongful termination, plaintiff has suffered loss of employment, past and future lost wages, loss of employment benefits, emotional distress, humiliation, embarrassment and other damages for which defendant should be held liable.

45. Defendant's actions were so malicious, and/or evidencing of a total disregard to the rights of its employees, and/or so grossly negligent, and/or intentional, that an award of punitive damages is justified.

WHEREFORE, plaintiff prays for the following relief.

1. Back pay, lost benefits, liquidated damages, front pay, compensatory damages for humiliation and embarrassment and compensatory damages, including damages for emotional distress in the amount of Two Million Dollars ($2,000,000.00);

2. Punitive damages in a like amount;

3. Pre-judgment interest;

4. Reasonable attorney's fees;

5. A jury to try this cause.

6. The cost of this action; and

7. All other just and equitable relief to which plaintiff may be entitled.

/s/E.H. Rayson
E. H. Rayson, (BPR # 001948)

/s/ Beecher A. Bartlett, Jr.
Beecher A. Bartlett, Jr., (BPR #10198)

/s/ Adam G. Russell
Adam G. Russell (BPR # 27505)

Kramer Rayson LLP
P. O. Box 629
Knoxville, TN 37901-0629
865-525-5134
Attorneys for the Plaintiff

## COST BOND

We, Kramer Rayson LLP, acknowledge ourselves sureties for the cost of the foregoing cause.

This 22nd day of June, 2011.

Kramer Rayson LLP

/s/E.H. Rayson
E. H. Rayson